UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────

**SONY BMG MUSIC ENTERTAINMENT,** *a Delaware general partnership;* **INTERSCOPE RECORDS,** *a California general parternship;* **CAPITOL RECORDS, LLC,** *a Delaware limited liability company;* **ATLANTIC RECORDING CORPORATION,** *a Delaware corporation,*

                         **Plaintiffs,**

              **vs.**                            **5:08-CV-0702**
                                                 **(NAM/GHL)**
**JUSTIN T. LARKIN,**

                         **Defendant.**

─────────────────────────────

APPEARANCES:

Leclair, Korona Law Firm
Steven E. Cole, Esq., of counsel
150 State Street
Suite 300
Rochester, New York 14614
*Attorney For Plaintiff*


**Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM DECISION AND ORDER

### INTRODUCTION

        Plaintiffs, who hold interests in certain copyrighted sound recordings, move (Dkt. No. 12) for default judgment on the sole cause of action in the complaint, copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.  Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504(c), costs pursuant to 17 U.S.C. § 505, and a permanent injunction prohibiting further copyright infringement.  As set forth below, the motion is granted.

**DISCUSSION**

**Default**

Plaintiffs filed the complaint herein on July 1, 2008 (Dkt. No. 1) and filed proof of service of the summons and complaint on January 7, 2009 (Dkt. No. 8).  Defendant has not answered or otherwise appeared.  On February 5, 2009, plaintiffs obtained a Clerk's Entry of Default (Dkt. No. 10).  *See* Fed. R. Civ. P. 55(a).

Plaintiffs now apply for a default judgment.  *See* Fed. R. Civ. P. 55(b)(2).  Plaintiffs' counsel submits a declaration that defendant is not in the military service and is neither an infant nor an incompetent.  *See id.*  Thus, the Court turns to consider whether plaintiffs have demonstrated defendant's liability and, if so, what remedies plaintiffs may obtain.

**Liability**

A defendant's default "is deemed to constitute a concession of all well pleaded allegations of liability[.]"  *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992).  To establish liability for copyright infringement, a plaintiff must show that it owns a copyright and that defendant copied the protected material without authorization.  *See Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir. 1992).  According to the complaint, each sound recording in issue is subject to a valid Certificate of Copyright Registration issued by the Register of Copyrights and is owned by or licensed to one or more of the plaintiffs.  The complaint further alleges that defendant, without plaintiffs' permission or consent, has used and continues to use an online media distribution system to download, distribute, and/or make available for distribution to others the sound recordings at issue, in violation of the Copyright Act.  These allegations establish defendant's liability under the Copyright Act.

-2-

**Damages**

A party's default does not constitute an admission of damages. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Where a defendant defaults in an infringement action, a copyright owner may present proof of actual damages or may elect to recover an award of statutory damages. 17 U.S.C. § 504(a). With respect to statutory damages, the Copyright Act provides that

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages of all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1). "Within these [monetary] limitations the court's discretion and sense of justice are controlling[.]" *D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 34 (2d Cir. 1990).

In this case, plaintiffs seek an award of statutory damages in the amount of $750 per work infringed, for a total award of $7,500. The Court notes that the purpose of the copyright law is to "encourage the origination of creative works by attaching enforceable property rights to them." *Diamond v. Am-Law Publ'g* Corp., 745 F.2d 142, 147 (2d Cir. 1984). Defendant in the instant case should not be permitted to defeat this purpose with impunity. A damage award limited to the amount that defendant would have been required to pay if he had complied with the law would not serve as a sanction, nor would it serve to deter others or to encourage careful adherence to the law. The Court in its discretion awards plaintiffs statutory damages of $750 per infringement, for a total amount of $7,500.

A court in its discretion may award costs and reasonable attorney's fees to the prevailing party in a copyright infringement action. *See* 17 U.S.C. § 505. Plaintiffs here do not submit an application for an award of attorney's fees. Plaintiffs are awarded filing and service fees, for a grand total of $480.

-3-

**Injunction**

A court may issue a permanent injunction on a motion for default judgment "provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." *UMG Recordings, Inc. v. Griffin*, 2008 WL 4974856, *3 (N.D.N.Y. November 24, 2008). Under the Copyright Act, a court may grant a permanent injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The prerequisites for the issuance of a permanent injunction are that the plaintiff must succeed on the merits and show the absence of an adequate remedy at law and irreparable harm if the relief is not granted. *See Roach v. Morse*, 440 F.3d 53, 56 (2d Cir. 2006).

The following findings are based on plaintiffs' complaint and submissions on this motion and on defendant's failure to appear in the action. Plaintiffs are, and at the relevant times were, the owners of exclusive rights under the United States copyright laws with regard to the following sound recordings: "Walked Outta Heaven," on album "Hard," by artist "Jagged Edge" (SR# 343-421); "Don't Speak," on album "Tragic Kingdom," by artist "No Doubt" (SR# 206-724); "99 Problems," on album "The Black Album," by artist "Jay-Z" (SR# 337-758); "Learning To Fly," on album "Into The Great Wide Open," by artist "Tom Petty" (SR# 132-454); "Made You Look," on album "God's Son," by artist "Nas" (SR# 332-713); "Here Without You," on album "Away from the Sun," by artist "3 Doors Down" (SR# 333-973); "The Scientist," on album "A Rush of Blood to the Head," by artist "Coldplay" (SR# 322-958); "Satellite," on album "Under the Table and Dreaming," by artist "Dave Matthews Band" (SR# 285-688); "Wonderwall," on album "(What's The Story) Morning Glory," by artist "Oasis" (SR# 289-141); and "Fill Me In," on

album "Born To Do It," by artist "Craig David" (SR# 303-747).  Plaintiffs' investigation indicates that defendant was distributing 273 total audio files at the time of identification.  There is no evidence that defendant has ceased his infringing activities or that, absent the issuance of an injunction, he would do so.  Defendant's failure to respond to plaintiffs' complaint suggests that he does not take seriously the requirements of the Copyright Act or the unlawfulness of his infringing activity, and further suggests the absence of a legitimate defense.  Absent the issuance of injunctive relief, plaintiffs will continue to suffer irreparable harm, for which there is no adequate remedy at law.

Plaintiffs have demonstrated their entitlement to a permanent injunction under the Copyright Act, 17 U.S.C. § 502(a), and the generally applicable prerequisites for injunctive relief. *See Roach*, 440 F.3d at 56.  Accordingly, plaintiffs are awarded an injunction permanently enjoining defendant and all persons acting under his direction, control, permission or authority from directly or indirectly infringing plaintiffs' rights under federal or state law in the copyrighted sound recordings as set forth herein.

**CONCLUSION**

It is therefore

ORDERED that plaintiffs' motion (Dkt. No. 12) for default judgment against defendant is granted; and it is further

ORDERED that plaintiffs are awarded $7,500 in statutory damages; and it is further

ORDERED that plaintiffs are awarded a total of $480 in filing and service fees; and it is further

ORDERED that defendant and all persons acting under the direction, control, permission

-5-

or authority of defendant are enjoined from directly or indirectly infringing plaintiffs' rights under

federal or state law in the following copyrighted sound recordings:

"Walked Outta Heaven," on album "Hard," by artist "Jagged Edge" (SR# 343-421);

"Don't Speak," on album "Tragic Kingdom," by artist "No Doubt" (SR# 206-724);

"99 Problems," on album "The Black Album," by artist "Jay-Z" (SR# 337-758);

"Learning To Fly," on album "Into The Great Wide Open," by artist "Tom Petty" (SR# 132-454);

"Made You Look," on album "God's Son," by artist "Nas" (SR# 332-713);

"Here Without You," on album "Away from the Sun," by artist "3 Doors Down" (SR# 333-973);

"The Scientist," on album "A Rush of Blood to the Head," by artist "Coldplay" (SR# 322-958);

"Satellite," on album "Under the Table and Dreaming," by artist "Dave Matthews Band" (SR# 285-688);

"Wonderwall," on album "(What's The Story) Morning Glory," by artist "Oasis" (SR# 289-141);

"Fill Me In," on album "Born To Do It," by artist "Craig David" (SR# 303-747);

and in any other sound recording, whether now in existence or later created, that is owned or

controlled by the plaintiffs (or any parent, subsidiary, or affiliate record label of plaintiffs)

("plaintiffs' recordings"), including without limitation by using the internet or any online media

distribution system to reproduce (*i.e.*, download) any of plaintiffs' recordings, to distribute (*i.e.*,

upload) any of plaintiffs' recordings, or to make any of plaintiffs' recordings available for

distribution to the public, except pursuant to a lawful license or with the express authority of

plaintiffs.  Defendant also shall destroy all copies of plaintiffs' recordings that defendant has

downloaded onto any computer hard drive or server without plaintiffs' authorization and shall

-6-

destroy all copies of those downloaded recordings transferred onto any physical medium or device in defendant's possession, custody, or control.

     IT IS SO ORDERED.

     Date:   July 22, 2009

_____
Norman A. Mordue
Chief United States District Court Judge